```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
TAMI ANN ALBANESE,                                                       :
                                                                         :   20-CV-8079 (JMF)
                              Plaintiff,                                 :
                                                                         :   MEMORANDUM OPINION
                     -v-                                                 :   AND ORDER ADOPTING
                                                                         :   REPORT AND
COMMISSIONER OF SOCIAL SECURITY,                                         :   RECOMMENDATION
                                                                         :
                              Defendant.                                 :
                                                                         :
------------------------------------------------------------------------ X
```

JESSE M. FURMAN, United States District Judge:

Tami Ann Albanese brings this action against the Commissioner of Social Security, challenging the denial of her application for disability social security benefits. *See* ECF No. 1. Both parties filed motions for judgment on the pleadings, *see* ECF Nos. 17, 23, which the Court referred to Magistrate Judge Gary R. Jones, *see* ECF No. 6. In his Report and Recommendation filed on February 3, 2022, Magistrate Judge Jones recommended that Albanese's motion for judgment on the pleadings be denied and that the Commissioner's be granted. *See* ECF No. 27 ("R&R"), at 16.[1] Albanese timely filed objections to the Report and Recommendation, *see* ECF No. 28 ("Pl.'s Obj."), which the Commissioner opposes, *see* ECF No. 30.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

---

[1]   Magistrate Judge Jones filed an initial version of his report on February 2, 2022, *see* ECF No. 26, which was amended on February 3, 2022.

record." *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal quotation marks omitted). Significantly, the same standard applies where "a party's objections are 'merely perfunctory responses' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" *Barthelemy v. Comm'r of Soc. Sec.*, No. 18-CV-12236 (ERJ) (LC), 2020 WL 1528479, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)).

In the present case, Albanese's objections merely "rehash[] . . . the same arguments set forth in the original petition." *Id.* In fact, many of her objections were copied nearly word for word from her reply to the Commissioner's memorandum in support of the motion for judgment on the pleadings. *Compare, e.g.*, Pl.'s Obj. 3 ("The ALJ in her analysis also sometimes forgets rheumatoid arthritis is a progressive disease, and per the CDC, there are 'times when [rheumatoid arthritis] symptoms get worse, known as flares, and times when symptoms get better, known as remission.'" (citation omitted)), *with* ECF No. 25 ("Pl.'s Reply"), at 4 (same). [2] Therefore, the Court reviews the Report and Recommendation for clear error only. *See Barthelemy*, 2020 WL 1528479, at *1; *Ortiz*, 558 F. Supp. 2d at 451.

The Court finds the Report and Recommendation to be well reasoned and grounded in fact and law. Albanese's main argument before Magistrate Judge Jones, which she repeats in her objection, was that the Administrative Law Judge ("ALJ") did not adequately address opinion evidence. R&R 8; Pl.'s Obj. 2-3. In particular, Albanese argues that the ALJ erred in discounting the opinion of Dr. Roman Marmur, her treating physician. Pl.'s Obj. 2-3. Magistrate Judge Jones, however, properly found that the ALJ's decision to discount this opinion

---

[2] References to page numbers in these submissions are to the page numbers automatically generated by the Court's electronic case filing ("ECF") system.

was supported by substantial evidence. R&R 14-16. In accordance with 20 C.F.R. § 404.1520c(b)(2), the ALJ considered both the supportability and the consistency of Dr. Marmur's opinion. He found Dr. Marmur's opinion unsupported by the objective medical evidence in the record, including his own extensive treatment notes, which described mild to moderate pain and limitations during the claim period. *Id.* at 10-12. The ALJ also found Dr. Marmur's opinion inconsistent with the record as a whole, including the medical opinions of Dr. Gilbert Jenouri and Dr. R. Pradhan. *Id.* at 12-14.[3]

For the foregoing reasons, the Report and Recommendation is ADOPTED in its entirety, Albanese's motion is denied, and the Commissioner's motion is granted.

The Clerk of Court is directed to terminate ECF Nos. 17 and 23, to enter judgment consistent with this Memorandum Opinion and Order, and to close this case.

SO ORDERED.

Dated: March 29, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

---

[3] Notably, Dr. Marmur offered his opinions through a check-box functional assessment form and did not reference or attach objective medical evidence such as test results or treatment notes in support of his opinion. *See* ECF No. 16-1, at 130-38. Courts in this Circuit accord less weight to check-box forms than to narrative opinions with supporting evidence. *See, e.g., Cristian A.J. v. Comm'r of Soc. Sec.*, No. 7:20-CV-04895-GRJ, 2022 WL 623443, at *4 (S.D.N.Y. Mar. 3, 2022) ("[That an] assessment was provided via a 'check-box' form without a supporting narrative and/or citations to the underlying record, while not dispositive, does provide support for the ALJ's decision to discount the opinion." (collecting cases)).